IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VEGAS GIBSON, | : | |
|     Petitioner | : | No. 1:12-cv-02443 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **WARDEN JEROME WALSH,** | : | (Magistrate Judge Schwab) |
|     Respondent | : | |

**MEMORANDUM**

Before the Court is Magistrate Judge Schwab's Report and Recommendation (Doc. No. 36) addressing Petitioner Vegas Gibson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and Petitioner's objections to four of Magistrate Judge Schwab's recommendations (Doc. No. 39). For the reasons that follow, the Court will adopt the Report and Recommendation (Doc. No. 36), overrule Petitioner's objections (Doc. No. 39), and deny Petitioner's habeas corpus petition (Doc. No. 1).

**I.     BACKGROUND**

Petitioner, a state prisoner at State Correctional Institution – Dallas, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 7, 2012. (Doc. No. 1.) Petitioner was convicted in the Court of Common Pleas of Dauphin County, Pennsylvania, on charges of first-degree murder, aggravated assault, reckless endangering, and illegal possession of a firearm on July 26, 2005. (See Doc. No. 1 at 1.) Thereafter, Petitioner filed a direct appeal to the Superior Court of Pennsylvania, alleging that he was prejudiced by the prosecutor's statement that Petitioner's co-defendant Jason Williams was permitted to "run wild with whatever answer" he wanted to give. (Doc. No. 14-8 at 7, 10-14.) The Superior Court determined that the prosecutor's statement did not constitute error. (Doc. No. 14-10 at 5.)

Petitioner then filed a petition for allowance of appeal to the Supreme Court of

Pennsylvania, which was denied on April 25, 2007. (Doc. No. 14-18 at 3.) On February 4, 2008, Petitioner filed a petition for post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act (PCRA). The PCRA court held an evidentiary hearing in March 2010, and ultimately denied Petitioner's petition. (Doc. No. 14-15.) Petitioner appealed the denial, and on November 9, 2011, the Pennsylvania Superior Court affirmed the PCRA court's ruling. (Doc. No. 14-17.)

On December 7, 2012, Petitioner filed a writ of habeas corpus pursuant to Section 2254 in this Court. (Doc. No. 1.) Petitioner presents fourteen grounds for relief, including eleven claims for ineffective assistance of counsel, one claim that the Commonwealth committed a Brady violation[1] by failing to disclose a key witness's criminal history, one claim that the trial court erred by failing to "properly colloquy" Petitioner at his arraignment, and one claim that the cumulative effect of the prosecutor's alleged misconduct rendered Petitioner's trial fundamentally unfair. (Id. at 7-27.) After the Court appointed Petitioner counsel and ordered supplemental briefing, Petitioner withdrew four claims of ineffective assistance of counsel, as well as his claim that the cumulative effect of the prosecutor's alleged misconduct rendered Petitioner's trial fundamentally unfair. (See Doc. No. 24 at 10.) Petitioner also consolidated two of his remaining ineffective assistance claims. (Id.) Thus, Petitioner's remaining claims include seven claims of ineffective assistance of counsel, one claim that the Commonwealth committed a Brady violation by failing to disclose a key witness's criminal history, and one claim that the

---

[1] In Brady v. Maryland, 373 U.S. 83 (1963), the United States Supreme Court held that a due process violation occurs when, regardless of motivation, the prosecution suppresses evidence favorable to a criminal defendant where the evidence is material either to guilt or punishment.

trial court erred by failing to "properly colloquy" Petitioner at arraignment.

On June 16, 2014, Magistrate Judge Schwab issued a Report and Recommendation, wherein she recommended that the Court deny Petitioner's Section 2254 petition. (Doc. No. 36 at 65.) On June 30, 2014, Petitioner filed timely objections to four of Magistrate Judge Schwab's recommendations. (Doc. No. 39.) The Court will address the Report and Recommendation and Petitioner's objections in turn.[2]

## II.    DISCUSSION

### A.    Petitioner's ineffective assistance of counsel claims

When a petitioner brings a claim for federal habeas relief on the basis of ineffective assistance of counsel, the petitioner must establish that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [an opposite result.]" Williams v. Taylor, 529 U.S. 362, 405 (2000).

Generally, to demonstrate that counsel was ineffective, a petitioner must meet the two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S.

---

[2] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

668 (1984). The first prong requires a petitioner to "show that counsel's performance was deficient," by establishing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. In evaluating counsel's conduct, the Court adopts a "strong presumption" that the attorney's performance was reasonable. Id. at 687, 689.

The second prong of the Strickland test requires a petitioner to establish that "the deficient performance prejudiced the defense" by showing that "counsel's errors were so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable." Id. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In assessing whether Petitioner has stated a claim for ineffective assistance of counsel, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006) (citing Strickland, 466 U.S. at 668). Finally, "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless claim." United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

However, where a Section 2254 petition is based on an ineffective assistance of counsel claim, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable . . . [which] is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington v. Richter, 131 S.Ct. 770, 785 (2011). "A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the Strickland standard itself," see id., and thus federal habeas review of

4

ineffective assistance of counsel claims are "doubly deferential." Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011).

Petitioner asserts the following ineffective assistance of counsel claims in his Section 2254 petition: (1) against trial counsel for failing to object to the prosecutor's purported statements regarding Petitioner's self-defense claim and post-arrest silence during closing argument; (2) against trial counsel for counsel's failure to investigate, develop, and present evidence in support of Petitioner's self-defense claims, including the criminal background of a key witness for the prosecution; (3) against trial counsel for failing to object to the trial court's refusal to allow Petitioner to testify about his knowledge of a key witness's history of violence, and against appellate counsel for not presenting the same on appeal; (4) against trial counsel for failing to object to the prosecutor's purported statements that "shifted" the burden of proof during closing argument; (5) against trial counsel for failing to investigate and call character witnesses willing to testify on Petitioner's behalf; (6) against trial counsel for failing to object and move for mistrial when the prosecutor "intentionally" misstated evidence and "vouched" for two witnesses during closing argument; and (7) against trial counsel for failing to object, to move not for mistrial, or to move to strike a witness's testimony where the witness purportedly testified that he was threatened by the prosecution. (Doc. No. 1 at 7-27.) Because Petitioner objects to only four of Magistrate Judge Schwab's recommendations regarding these claims, the Court will first address these in detail.

      **1.**    **Trial counsel's alleged failure to object to the prosecutor's statements regarding Petitioner's self-defense claim and post-arrest silence during closing argument**

Petitioner argues that his trial counsel was ineffective for failing to object to the

following statements by the prosecutor, which Petitioner alleges improperly relied on Petitioner's post-arrest silence: " . . . the first time that you heard even a word about self defense with respect to [Petitioner] was this afternoon. . . . Four and a half days into trial, [Petitioner] gets on the stand. That is when we hear self defense." (Doc. No. 14-7 at 42-43.) Magistrate Judge Schwab recommends that the Court deny this claim in part on the merits, and otherwise because it is procedurally defaulted. (Doc. No. 36 at 25.) Petitioner also raised this argument in his earlier PCRA petition, and the Pennsylvania Superior Court ultimately concluded the prosecutor had not committed error. (See Doc. No. 14-17 at 6.) Specifically, the PCRA court found that the prosecutor's comments did not refer to Petitioner's post-arrest silence, but rather were the prosecutor's allowable response to Petitioner's self-defense theory. (Doc. No. 14-15 at 13.) Magistrate Judge Schwab agrees with the conclusions of the Pennsylvania Superior Court and the PCRA court, and recommends that the Court find that "the prosecutor was permissibly rebutting [Petitioner's] theory of the case by apparently calling the jury's attention to the fact that [Petitioner] had the opportunity to hear all the other witnesses testify and tailor his defense accordingly." (Doc. No. 36 at 28.)

Petitioner objects, and argues that the prosecutor's statements made use of Petitioner's post-arrest silence during its closing argument in violation of Doyle v. Ohio, 426 U.S. 610 (1976), and consequently counsel was ineffective for failing to object thereto.[3] (Doc. No. 40 at 7-8.) Petitioner argues that through the prosecutor's statements, "[t]he Commonwealth gave the impression to the jury that [Petitioner] manufactured self-defense at the time of trial, leading the

---

[3] In Doyle, the Supreme Court held that "the use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. at 619.

jury to believe that if [Petitioner] had defended himself, surely he would have mentioned it prior to trial." (Doc. No. 40 at 8-9.) Petitioner therefore argues that the Report and Recommendation and the Pennsylvania state courts failed to properly apply Doyle, and asks that the Court overrule the recommendation that this claim be denied. (Id. at 10-11.)

The Court will overrule Petitioner's objection, and adopt Magistrate Judge Schwab's recommendation. The prosecutor's statements clearly addressed Petitioner's self-defense theory at trial, and not Petitioner's post-arrest silence, as evidenced by the prosecutor directly focusing on Petitioner's conduct at trial by prefacing his statement with, "[f]our and a half days into trial . . . ." (Doc. No. 14-7 at 42.) By contrast, the prosecutor did not directly mention Petitioner's conduct after his arrest. The Court rejects Petitioner's argument that although "the comments at issue could also be construed as a rebuttal of [Petitioner's] theory the plain meaning of the statements was that [Petitioner] did not explain his actions to the police when he was arrested, and, therefore he must be guilty." (Doc. No. 40 at 10.) Accordingly, the Court will adopt Magistrate Judge Schwab's recommendaton, and deny Petitioner's request for Section 2254 relief on this ground.

### 2. Trial counsel's failure to investigate a witness's background

Petitioner argues that his trial counsel was ineffective for failing to investigate the background of Jason Brown, a key witness for the prosecution. (Doc. No. 40 at 11.) Specifically, Petitioner faults trial counsel for failing to discover criminal charges that were filed against Mr. Brown prior to Petitioner's trial.

The PCRA court addressed this issue, and found that although counsel did not discover the precise charges now identified by Plaintiff, counsel did investigate Jason Brown's

background.  (Doc. No. 14-15 at 10-11.)  The PCRA court concluded that even had counsel discovered the charges at issue, he would have had "no basis [for] bringing Jason Brown's charges, which were dismissed [for lack of evidence] . . . to the jury's attention."  (Doc. No. 14-15 at 10-11.)  The PCRA court also noted that although these specific charges were not addressed in Petitioner's criminal trial, "the jury was provided with Brown's colorful past, including his previous convictions regarding violence." (Id.)  Additionally, the PCRA court found that trial counsel "tried to establish that Brown had committed violent acts in the past," and was "able to illicit[sic] testimony that Brown had been involved in violent crimes."  (Id.)  The PCRA court thus concluded that Petitioner had failed to show he was prejudiced by trial counsel's conduct.  (Id.)  Petitioner alleges that this determination was unreasonable in light of the facts presented, and was an unreasonable application of Strickland.  (Doc. No. 24 at 24-25.)

Magistrate Judge Schwab found no error in the PCRA court's conclusions, and recommends the Court deny Petitioner relief on this ground.  (Doc. No. 36 at 34.)  The Report and Recommendation notes that Petitioner testified at trial that he had witnessed violent behavior by Mr. Brown in the past, and that trial counsel cross-examined Mr. Brown on any possible benefit he may have received in exchange for testifying as a witness for the prosecution.  (Id. at 34-35.)  Further, trial counsel testified at the PCRA hearing that he in fact investigated Mr. Brown's criminal history.  (Id. at 35 (citing Doc. No. 14-13 at 21-23).)  Thus, the Report and Recommendation concluded that "[a] rational jurist could reach the same findings on the basis of the evidence in record. . . ."  (Doc. No. 36 at 36.)

Petitioner objects, arguing that the PCRA court's conclusion contradicts trial counsel's testimony "where he admits failing to investigate the background of Jason Brown."  (Doc. No.

8

40 at 17.) Petitioner further asserts that trial counsel "admittedly did not look [for Mr. Brown's criminal history] but rather relied on [Petitioner] to conduct the investigation of Jason Brown despite the fact that [Petitioner] was locked up in the county jail." (Id. at 17-18.) Petitioner relies on Grant v. Lockett, 709 F.3d 224 (3d Cir. 2013), wherein the United States Court of Appeals for the Third Circuit found that where the state court found trial counsel was not ineffective despite counsel's failure to uncover a witness's criminal history through publically-available records, the state court made an "unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Grant, 709 F.3d at 238. Petitioner argues that "the outcome of his trial would have been different had the jury been fully aware of Brown's history; accordingly, he was prejudiced by his counsel's failure to investigate." (Doc. No. 40 at 19.)

The Court will overrule Petitioner's objection, and adopt the recommendation of Magistrate Judge Schwab. Magistrate Judge Schwab properly concluded that the state court's decision was not based on an unreasonable determination of the facts, because the evidence at hand showed: (1) trial counsel elicited testimony regarding prior acts of violence by Mr. Brown; (2) the parties stipulated to Mr. Brown's prior record, which included convictions for assault and resisting arrest (but not the charges on which Petitioner now relies); (3) trial counsel testified at the PCRA hearing that he had investigated Mr. Brown's criminal history; (4) Mr. Brown's charges that Petitioner now faults counsel for failing to uncover were dismissed at a preliminary hearing for lack of evidence almost a year before Petitioner went to trial. (See Doc. No. 36 at 34-35 (citing Doc. No. 14-13 at 21, 21-23, 28, 31, 34-35; Doc. No. 14-16 at 18).)

Further, the Court agrees with Magistrate Judge Schwab's recommendation that the state

court's decision was not an unreasonable application of Strickland.  (Doc. No. 36 at 37.)  Unlike Grant, wherein the Third Circuit found the state court unreasonably applied Strickland by finding that counsel's failure to investigate a key witness did not constitute ineffective assistance, see 704 F.3d at 234-35, here the PCRA court had evidence that trial counsel investigated Mr. Brown's criminal background and elicited trial testimony regarding Mr. Brown's past violent acts.  (See Doc. No. 36 at 35 (citing Doc. No. 14-13 at 21-23).)  Further, the evidence presented to the PCRA court indicated that counsel had no basis to introduce the charges Petitioner now faults counsel for failing to find, because the charges were dismissed nearly a year before Petitioner's criminal trial.  (See Doc. No. 14-15 at 10-11; Doc. No. 36 at 33-34.)  Thus, the Court finds Grant distinguishable, and will adopt Magistrate Judge Schwab's recommendation that Petitioner be denied relief under Section 2254 on this ground.

### 3. Trial counsel's alleged failure to object to the trial court's decision not to allow self-defense evidence

Petitioner alleges that trial counsel was ineffective for failing to object to the trial court's decision not to allow self-defense evidence.  The Pennsylvania Superior Court agreed with Petitioner, and held that the trial court erred in finding the testimony inadmissible hearsay, because the testimony was offered to establish Petitioner's state of mind, rather than the truth of the matter asserted.  (See Doc. No. 14-17 at 6-8.)  However, the Superior Court also found that the excluded evidence was cumulative, and therefore held that Plaintiff "failed to demonstrate that he was prejudiced by the court's error at trial or counsel's omission on direct appeal."  (Id. at 8.)

Magistrate Judge Schwab recommends that the Court likewise find that the excluded testimony was merely cumulative, because the jury "heard evidence about Brown's propensity

for violence, his prior violent acts and convictions, and his involvement . . . in a gun-play incident." (Doc. No. 36 at 40.) Petitioner also "testified that he thought he had seen a gun, he heard Brown make a suggestive statement immediately before the shooting, and saw Brown commit a violent act on another individual that resulted in physical injury." (Id. (citing Doc. No. 14-6 at 11, 13, 15, 17-18).) Magistrate Judge Schwab recommends that Petitioner's claim be denied because on the facts presented, there is "no reasonable probability that the result of the proceeding would have been different if trial counsel had objected or that the ruling was based upon an unreasonable determination of the facts . . . ." (Id.)

      Plaintiff objects to the recommendation, but largely repeats the arguments he previously raised on the issue. (See Doc. No. 40 at 21-22.) Specifically, he asserts that because the evidence was excluded, "the jury was never permitted to fully understand [Petitioner's] state of mind, personal knowledge and reasonable beliefs regarding Brown, who [Petitioner] perceived as giving the order to shoot him." (Id.) The Court finds Petitioner's argument unavailing. The record shows that Petitioner specifically testified as to a statement he heard Mr. Brown make, which he perceived to be a threat, that Petitioner saw a man reaching for what appeared to be a gun, that he had personally witnessed Mr. Brown committing acts of violence in the past, and that he was alarmed by Mr. Brown's statement because of his "history" with Mr. Brown. (Doc. No. 14-6 at 11-19.) The Court therefore finds that the record refutes Petitioner's argument that "the jury was never permitted to fully understand [Petitioner's] state of mind, personal knowledge and reasonable beliefs regarding Brown, who [Petitioner] perceived as giving the order to shoot him." (See id.; see also Doc. No. 40 at 21-22.) Accordingly, the Court will adopt Magistrate Judge Schwab's recommendation that the excluded evidence was cumulative, and

deny Petitioner's claim for relief on this ground.

### B. Petitioner's due process claim

Petitioner argues that the Commonwealth of Pennsylvania failed to disclose the criminal history of Jason Brown in violation of the Supreme Court's decision in Brady v. Maryland, 373 U.S. 83 (1963). Petitioner presented this argument to the PCRA court, which held that the evidence was not favorable to Petitioner because Mr. Brown's charges were dismissed, and because Petitioner "was able to confront Jason Brown and elicit testimony directly from him." (Doc. No. 14-15 at 15-16.) Petitioner argues that the PCRA court's holding was unreasonable. (Doc. No. 40 at 24.)

In Brady, the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. To establish a Brady violation, a petitioner must show that (1) the government either willfully or inadvertently withheld evidence; (2) the evidence was either exculpatory or of impeachment value, and therefore favorable; and (3) it was material. See Banks v. Dretke, 540 U.S. 668 (2004); Giglio v. United States, 405 U.S. 150 (1972). The Brady standard for materiality is functionally equivalent to the prejudice standard in Strickland. See Kyles v. Whitley, 514 U.S. 419, 434 (1995) ("The touchstone of materiality is a 'reasonable probability' of a different result . . . "). In assessing the materiality of the evidence, the Court must consider the cumulative effect of all of the suppressed information. Id. at 436-37.

Magistrate Judge Schwab recommends the Court deny Petitioner's claim for relief on this ground, because Mr. Brown's criminal charges "were dismissed for lack of evidence, and,

therefore, did not substantiate Brown's violent character." (Doc. No. 36 at 43.) The Report and Recommendation also notes that Petitioner "provides no evidence here that Brown received favorable treatment by the prosecution in exchange for his testimony (i.e. impeachment evidence)." (Id.) Additionally, in recommending that the Court find that "evidence of Brown's dismissed criminal charges was merely cumulative of the other evidence presented to the jury with respect to Brown's character traits and criminal history," Magistrate Judge Schwab points to the fact that despite hearing testimony regarding Mr. Brown's involvement in a gun-play incident, as well as Petitioner's testimony that he witnessed Mr. Brown committing acts of violence, the jury still returned a guilty verdict. (Id. at 43-44.)

In his objections, Petitioner again repeats his original arguments regarding the alleged Brady violation. (See Doc. No. 40 at 22-24.) He further asserts that "[a]ny evidence regarding Brown's potential for violence was critical to [Petitioner's] defense. Brown's charges stemming from the shooting of his brother were material, even though these charges were ultimately dismissed." (Id. at 25.)

The Court will adopt Magistrate Judge Schwab's recommendation, and overrule Petitioner's objection thereto. The record indicates that the jury heard ample testimony regarding Mr. Brown's history, and heard directly from Petitioner that he was "alarmed" by Mr. Brown's statements immediately before the shooting. (See Doc. No. 14-6 at 11-19.) Thus, the Court need not credit Petitioner's conclusory assertion that the excluded evidence was material. The Court finds the allegedly suppressed evidence immaterial, and therefore finds the PCRA court's ruling was not unreasonable. Accordingly, the Court will deny Petitioner relief on this ground.

### C. Magistrate Judge Schwab's remaining recommendations

Petitioner does not object to Magistrate Judge Schwab's remaining recommendations. (See Doc. No. 40.) Having reviewed them and finding no errors of law, the Court will adopt the remaining recommendations, and will therefore deny Petitioner's motion for writ of habeas corpus.

### III. CONCLUSION

The Court will adopt Magistrate Judge Schwab's Report and Recommendation, overrule Petitioner's objections thereto, and deny the petition for a writ of habeas corpus. An order consistent with this memorandum follows.